UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Clark, # 19585-057; <br><br> Petitioner; <br><br> vs. <br><br> United States of America; <br><br> Respondent. | C/A No. 8:05-2285-HFF-BHH <br><br> **Report and Recommendation** |

The Petitioner, Steven Jerome Clark (hereafter, the "Petitioner"), is a federal inmate, currently incarcerated at FCI-Bennettsville in Bennettsville, South Carolina. He seeks relief under Title 28 United States Code Section 2241. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court.

## BACKGROUND

Petitioner entered a guilty plea to a firearms violation (18 U.S.C. § 922 & § 924) and Cocaine PWID (18 U.S.C. § 841) and was sentenced to concurrent terms of 170 and 130 months respectively. *See USA v. Clark*, 1:99-cr-00038-WLO (M.D.N.C. 1999). He did not appeal, but raised failure of counsel to do so in a subsequent § 2255 motion. *See Clark v. U.S.A.*, 1:00-cv-00915-WLO (M.D.N.C. 2000). The Petitioner challenges the Federal Bureau of Prisons (FBOP) policy on award of "Good Conduct Time" (GCT).

### *PRO SE* PETITION

Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Even under this less stringent standard, however, a *pro se* petition is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). A court may not construct a party's legal arguments for him or her. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

A careful review has been made of the *pro se* petition pursuant to this standard and the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Nasim v. Warden Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

## "GOOD CONDUCT TIME" (GCT)

The issue in GCT cases is whether Congress intended that prisoners receive time credits for good conduct based upon <u>the total sentence</u> or <u>the time actually served</u>. The statutory language is found in 18 U.S.C. § 3624(b)("Credit toward service of sentence for satisfactory behavior)":

> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year [,] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

Implementing the statute under 28 C.F.R. § 523.20, the FBOP adopted Program Statement (PS) 5880.28, under which GCT is computed and credited at the end of each anniversary year. Few prison sentences are imposed in twelve month units. Therefore, FBOP pro-rates GCT on a daily basis. The maximum annual GCT (54 days) is divided by 366 (one year and one day, reflecting the minimum sentence in the statute). The result is a co-efficient of 0.148. Thus, one day of satisfactory behavior equals 0.148

day of GCT.  Therefore seven (7) days of satisfactory behavior are required to earn a full day of GCT (actually, 1.036 day).

Critics of PS 5880.28 argue that application of this coefficient precludes the actual award of a full 54 days of credit for any prisoner in any year.[1]  A model prisoner can earn 54 GCT days in a 365 day period of imprisonment.  Apportioning those days at the end of the anniversary year yields the following: 311 days served on the actual sentence + 54 GCT days = 365 days.  When the 311 days served on the sentence are multiplied by the 0.148 coefficient, the result is 45.6 or 46 GCT days.  FBOP therefore holds that the correct GCT award for a perfect year is not 54 days but a range between 46 and 54 days.  For all practical purposes FBOP settles on 47 days in most cases.  The debate over PS 5880.28 essentially concerns the FBOP use of "time served" rather than "sentence imposed" in applying the statutory phrase "term of imprisonment."  The Petitioner makes this precise argument.

Challenges to PS 5880.28 have been launched in United States District Courts across the nation in recent years.  In *Pacheco-Camacho v. Hood*, 272 F. 3d 1266 (9th Cir. 2001), the United States Court of Appeals for the Ninth Circuit was the first of the circuit courts to address the issue.  *Pacheco-Camacho* held that the phrase "term of imprisonment" in § 3624 was ambiguous.  Finding that PS 5880.28 was a reasonable and valid agency interpretation of an ambiguous statute, the Court deferred to the FBOP and upheld the GCT policy.

---

[1] –For a complete version of this argument, see Stephen R. Sady, *Misinterpretation of the Federal Good Time Statute Costs Prisoners Seven Days Every Year* CHAMPION (Sept-Oct. 2002).  The article can be accessed on WESTLAW at 26-OCT CHAMP 12.

Other Circuits have followed. *See Sample v. Morrison*, 406 F. 3rd 310, (5th Cir. 2005.)(originally an unpublished opinion); *O'Donald v. Johns*, 402 F. 3d 172, (3rd Cir. 2005); *Perez-Olivio v. Chavez*, 394 F. 3d 49 (1st Cir. 2005); *White v. Scibana*, 390 F.3rd 997 (7th Cir. 2004). The Eighth Circuit issued an unpublished opinion on March 24, 2005, adopting the then-emerging consensus that the BOP GCT policy is proper. *James v. Outlaw*, 126 Fed Appx. 758 (8th Cir. 2005).

On June 17, 2005, the Fourth Circuit joined the majority of circuits rejecting these challenges. *See Yi v. FBOP*, et al, 412 F 3d 526 (4th Cir. 2005).[2] The sole issue presented in this § 2241 petition has, therefore, been foreclosed by controlling precedent in this Circuit.

## **RECOMMENDATION**

Accordingly, it is recommended that the above-captioned case be dismissed without prejudice and without requiring the respondents to file a return. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the notice on the next page.

Respectfully Submitted,

S/Bruce H. Hendricks
United States Magistrate Judge

October 12, 2005
Greenville, South Carolina

---

[2] – On July 12, 2005, the Eleventh Circuit cited *Yi* as it adopted the majority view. *See Brown v. McFadden*, 416 F. 3d 1271 (11th Cir. 2005).

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court). In *Howard*, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. \* \* \* This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. \* \* \* We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. \* \* \* A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See Wright v. Collins*, *supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**
